U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 JUL 12  AM 10: 07

CLERK
BY ＰＭ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In re:

    CHRISTOPHER B. WARNER and    )    Chapter 13 Case No. 10-11089
    RUTH E. WARNER,    )
        Debtors.    )    Adversary Proceeding No. 10-1043
_____    )

CHRISTOPHER B. WARNER and    )
RUTH E. WARNER,    )
    Plaintiffs-Appellants,    )
    )
v.    )    Case No. 5:11-cv-105
    )
CITIFINANCIAL, INC.,    )
    Defendant-Appellee.    )

**OPINION AND ORDER
AFFIRMING MEMORANDUM OF DECISION AND ORDER
OF THE BANKRUPTCY COURT**
(Docs. 1-1, 3-5)

    Plaintiffs-Appellants Christopher B. Warner and Ruth E. Warner ("the Warners") appeal the Memorandum of Decision of the United States Bankruptcy Court for the District of Vermont, dated March 4, 2011, which granted Defendant-Appellee CitiFinancial, Inc.'s motion to dismiss the Warners' adversary proceeding which challenged the validity of their mortgage. (Doc. 1-3.) The parties completed their filings on June 6, 2011. This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), and heard oral argument on the appeal on June 28, 2011.

    The Warners are represented by Michelle M. Kainen, Esq. CitiFinancial is represented by Andrew S. Cannella, Esq.

I.   **Factual and Procedural Background.**

The Warners are married debtors in the underlying Chapter 13 case. On March 29, 2005, they executed and delivered to CitiFinancial a mortgage to certain real estate owned by Christopher Warner located at 458 Tigertown Road, West Hartford, Vermont. The mortgage identifies Christopher B. Warner as the "Borrower" and secures a promissory note executed only by him. The mortgage is signed by both Christopher B. Warner and Ruth E. Warner, and their signatures are witnessed. However, only Mr. Warner's signature is acknowledged. On April 1, 2005, the mortgage was recorded in the Town of Hartford, Vermont land records.

On October 18, 2010, the Warners initiated an adversary proceeding, seeking to avoid the mortgage lien under 11 U.S.C. § 522 on the grounds that their mortgage is null and void under 27 V.S.A. § 141 which requires an owner's spouse to join in a conveyance of a homestead interest, and the acknowledgment of such conveyance, in order for it to be operative. CitiFinancial moved to dismiss the adversary proceeding, asserting that the Warners' challenge to their mortgage was filed beyond the three year deadline for such actions set forth in 27 V.S.A. § 348(b). The Bankruptcy Court agreed, and granted the motion to dismiss.

Both before the Bankruptcy Court and on appeal, the Warners assert that their challenge to their mortgage's validity is governed by 27 V.S.A. § 348(a), which they claim governs *missing* acknowledgments and imposes a fifteen year deadline for a challenge, rather than § 348(b)(1), which governs *defective* acknowledgments and imposes a three year deadline.

II.   **Analysis and Conclusions of Law.**

On appeal from a motion to dismiss, the Bankruptcy Court's findings of fact are upheld unless clearly erroneous. *See* Fed. R. Bankr. P. 8013. Its conclusions of law are reviewed *de novo*. *See Official Comm. of Unsecured Creditors v. Mfrs. & Traders Trust Co. (In re Bennett Funding Group, Inc.)*, 146 F.3d 136, 138 (2d Cir. 1998) (citation omitted)).

27 V.S.A. § 341(a) requires a mortgage to be signed by the party granting it and acknowledged by the grantor before a town clerk, notary public, master, county clerk, judge, or register of probate.  Pursuant to Vermont law, a "deed that is improperly . . . acknowledged is invalid." *Lakeview Farm, Inc. v. Enman*, 166 Vt. 158, 164, 689 A.2d 1089, 1093 (1997) (citation omitted).

In 1977, the Vermont Legislature enacted 27 V.S.A. § 348 which allowed certain defects in "instruments of writing" to be cured with the passage of time:

> When an instrument of writing shall have been on record in the office of the clerk in the proper town for a period of 15 years, and there is a *defect in the instrument because it* omitted to state any consideration therefor or *was not* sealed, witnessed, *acknowledged, validly acknowledged*, or because a license to sell was not issued or is defective, the instrument shall, from and after the expiration of 15 years from the filing thereof for record, be valid.

27 V.S.A. § 348(a).  In 2007, the Vermont Legislature amended Section 348 to include subsections (b) through (d).  Subsection (b), which is at issue here, provides:

> Notwithstanding subsection (a) of this section, *any* deed, *mortgage*, lease, power of attorney, release, discharge, assignment, or other instrument *made for the purpose of* conveying, leasing, *mortgaging,* or affecting *any interest in real property which contains any one or more of the following errors is valid unless, within three years after the instrument is recorded, an action challenging its validity is commenced*, and a copy of the complaint is recorded in the land records of the town where the instrument is recorded:
>
> (1) The instrument contains a *defective acknowledgment.*
>
> (2) [The instrument fails to disclose the authority of the individual who executes and acknowledges the instrument on behalf of a corporation or other business entity].
>
> (3) The instrument contains an incorrect statement of the date of execution, or contains an execution date, or other date that is later than the date of the recording.  In case of such conflict, the date of recording prevails.
>
> (4) The instrument does not contain a statement of consideration.

27 V.S.A. § 348(b) (emphasis supplied).

In granting CitiFinancial's motion to dismiss, the Bankruptcy Court concluded that "a reasonable and straightforward reading of the statute leads to the conclusion that the term 'defective acknowledgment' in § 348(b) includes the defects listed in § 348(a)." *Warner v. Citifinancial, Inc. (In re Warner)*, 446 B.R. 651, 655 (Bankr. D. Vt. 2011). The Warners argue that the Bankruptcy Court's interpretation of § 348 "impermissibly expanded the definition of 'defective acknowledgment,' as provided for in 27 V.S.A. § 348(b)(1), to include absent acknowledgments, where absent acknowledgments were specifically provided for under 27 V.S.A. § 348(a)." (Doc. 3 at 2.)[1]

The Vermont Supreme Court has not addressed the proper interpretation of 27 V.S.A. § 348. Acknowledging that the "paramount goal in statutory construction is to give effect to the intent of the [L]egislature," *Gallipo v. City of Rutland*, 173 Vt. 223, 235, 789 A.2d 942, 951 (2001), this court must "look first to the statute's language," and "enforce the plain meaning of the statutory language where the Legislature's intent is evident from it." *In re Appeal of Carroll*, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990 (citations omitted). "In determining legislative intent, [the court] look[s] beyond the language of a particular section, standing alone, to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." *In re Wal-Mart Stores, Inc.*, 167 Vt. 75, 84, 702 A.2d 397, 403 (1997) (internal quotation marks and citation omitted). The court must "read the sections of [a] statute together as a harmonious whole." *In re Soon Kwon*, 2011 VT 26, ¶ 17, 19 A.3d 139 (citation omitted), and, if necessary, consider other "general rules of statutory construction [such as] that a specific statute governs over a more general one, and that a statute enacted later in time generally governs over an earlier statute." *Hartford Bd. of Library Trustees v. Town of Hartford*, 174 Vt. 598, 599, 816 A.2d 512, 515 (2002) (citations omitted).

Application of the foregoing principles to 27 V.S.A. § 348 reveals that the Bankruptcy Court correctly interpreted § 348(b) as requiring the Warners' challenge to the

---

[1] Arguably, the Warners' mortgage is not *missing* an acknowledgment; it contains an acknowledgment which is incomplete as it fails to include both spouses.

validity of their mortgage to be brought within the three year period. Because it was not, the Warners' adversary proceeding was properly dismissed.

Reading 27 V.S.A. § 348 as a whole and examining its effects and consequences, it is clear that in amending the statute to include subsection (b), the Vermont Legislature sought to provide an earlier cure for certain types of defective instruments involving title to real property. It did so by imposing an affirmative burden upon those challenging the validity of such instruments to file an action within three years of recordation, and to provide notice of their challenge to title searchers. *See* 27 V.S.A. 348(b). This requirement has the salutary effect of requiring an identification of defects that may affect the title to real property at a time when the ability to cure such defects through corrective instruments and other means may still be available.[2]

Section 348(b) imposes two conditions precedent to the imposition of the three year period. First, the instrument must be one that "affect[s] any interest in real property" and specifically includes a "mortgage." *See* 27 V.S.A. § 348(b). Second, it identifies four types of "errors" which are subject to the three year period including a "defective acknowledgement." Under Vermont law, an acknowledgment that is invalid in some vital respect is treated the same as an acknowledgment that is missing. *See Sensenich v. Homeq Servicing Corp. (In re Eaton)*, 2006 WL 2645179, at *3 (Bankr. D. Vt. Sept. 14, 2006) ("Without the statutory requirement of acknowledgement being met, the Mortgage is defective[.]" ); *Lakeview Farm*, 166 Vt. at 164, 689 A.2d at 1093 (a "deed that is improperly witnessed and acknowledged is invalid."); *see also* 2 *Patton & Palomar on Land Titles* § 356 (3d ed.) ("If the acknowledgement is lacking or is invalid, the record is an insufficient link in the chain of title, unless it has been legalized by a curative act, because . . . it does not constitute constructive notice[.]") (footnotes omitted).

---

[2] In contradistinction to the fifteen year period, it may reasonably be anticipated that both grantors and grantees to a real property transaction will be available for corrective action within three years after recordation of a conveyance. Moreover, each of the identified "errors" subject to the three year deadline is one that may be corrected by the parties to the conveyance without the necessity of judicial intervention.

Had the Vermont Legislature chosen in § 348(b) to treat differently the various ways in which an acknowledgment may be defective, it could have done so. Instead, it chose to impose the three year period with regard to an acknowledgment that is defective in any respect. The plain language of the statute supports this conclusion. Section 348(a) defines a "defect in [an] instrument" to include one that is either "not . . . acknowledged" or "not . . . validly acknowledged." The statute, itself, thus refutes the Warners' argument that there is a fundamental difference between a *missing acknowledgment* and an *invalid acknowledgment* as § 348(a) identifies both as a "defect in [an] instrument."[3] Indeed, § 348(b) clearly signals the Vermont Legislature's intention to include § 348(a) defects within the "errors" identified in § 348(b). Section 348(b) provides that its three year cure period for specified instruments exists "[n]otwithstanding subsection (a)[.]" 27 V.S.A. § 348(b).

Accordingly, pursuant to 27 V.S.A. 348(b), the Warners' mortgage became valid three years after recordation notwithstanding its defective acknowledgment, and the Warners did not challenge its validity within that time frame. There was thus no basis for avoiding the mortgage under 11 U.S.C. § 522 and the Warners' adversary proceeding seeking that relief was properly dismissed.

---

[3] This, in turn, comports with the ordinary meaning of a "defect." *See Black's Law Dictionary* 481 (9th ed. 2009) (defining "defect" as "[a]n imperfection or shortcoming"); *see also The American College Dictionary* 363 (3d ed. 1993) (defining "defect" as "[t]he lack of something necessary or desirable for completion or perfection.").

## CONCLUSION

For the foregoing reasons, this court AFFIRMS the decision and order of the Bankruptcy Court granting CitiFinancial's motion to dismiss.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 12th day of July, 2011.

Christina Reiss, Chief Judge
United States District Court